UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

In re:  )
        )
INCREDIBLE DAVE'S OF NASHVILLE, ) CASE NO. 312-04817
LLC,    )
        ) CHAPTER 11
    Debtor. )
        ) JUDGE MARIAN F. HARRISON
        )
_____

**MEMORANDUM OPINION & ORDER**
_____

This matter is before the Court upon the debtor's expedited motion to compel Brady Distributing Company (hereinafter "Brady") to activate the Steltronic scoring system, which is a necessary part of the bowling equipment located at the debtor's business. For the following reasons, which represent the Court's findings of fact and conclusions of law, pursuant to Fed. R. Bankr. P. 7052, and made applicable by Fed. R. Bankr. P. 9014(c), the Court finds that the debtor's motion should be granted.

The proof showed that Brady purchased a bowling equipment package, including the Steltronic scoring system, from U.S. Bowling on behalf of the debtor.[1] In return, the debtor

---

[1] Brady did not obtain a security interest in the bowling equipment package.

agreed to repay Brady for the system, in part through a revenue sharing agreement. The debtor has not made any payments on the bowling equipment package.

David Lawrence, the debtor's operations manager, testified that the Steltronic scoring system allows customers to enter their individual names for scoring purposes. Without the Steltronic scoring system, each bowler is only identified as "bowler 1," "bowler 2," etc. Mr. Lawrence testified that the inability to enter the names of individual bowlers has especially hindered the debtor's ability to host large parties and corporate events. Prior to the debtor filing for bankruptcy protection, the scoring system was turned off twice. The first time, Mr. Lawrence contacted Larry Cook, Brady's chief operating officer, and the parties reached an agreement regarding payment. Mr. Cook contacted U.S. Bowling, and the Steltronic scoring system was shortly turned back on without the necessity of anyone coming to the debtor's facility. Unfortunately, the debtor's check bounced, and the Steltronic scoring system was turned off after 45 days and has remained off. Mr. Lawrence testified that despite numerous requests, Brady has refused to turn the Steltronic scoring system back on, and without the Steltronic scoring system, the debtor's chance at an effective reorganization is jeopardized.

Mr. Cook testified that Brady is not willing to request that U.S. Bowling turn on the Steltronic scoring system because the request would have to be accompanied by the final payment of $4000 on the bowling equipment package plus $6500 for diagnostic tests

2 - U.S. Bankruptcy Court, M.D. Tenn.

Case 3:12-bk-04817    Doc 101    Filed 10/22/12    Entered 10/22/12 11:07:44    Desc Main
Document      Page 2 of 4

required by U.S. Bowling. Mr. Cook testified that Brady is unwilling to pay any additional money for the system because it has not received any payments from the debtor. Mr. Cook testified that as a courtesy, U.S. Bowling did not charge Brady to turn the system back on the first time. There was no proof that U.S. Bowling would not extend this same courtesy again, nor did anyone from U.S. Bowling testify at the hearing.

Pursuant to 11 U.S.C. § 541(a)(1), property of the estate includes all legal or equitable interest of the debtor in property as of the commencement of the case wherever it is located and by whomever it is held. The term "property of the estate" is broad and far-reaching. ***See Weingarten Nostat, Inc. v. Serv. Merchandise Co.,*** 396 F.3d 737, 742 (6th Cir. 2005).

There is no question that the debtor's estate has an interest in the Steltronic scoring system. Moreover, it is clear from the testimony that if the Steltronic scoring system is not turned back on, it will be difficult for the debtor to successfully reorganize and repay its creditors, including Brady.

**IT IS, THEREFORE, ORDERED** that Brady shall contact U.S. Bowling and make a good faith written request that U.S. Bowling turn on the Steltronic scoring system located at the debtor's facility. Furthermore, counsel for Brady shall retain a copy of such request, as well as any response received.

**IT IS SO ORDERED.**

**This Memorandum Opinion & Order was signed and entered electronically as indicated at the top of the first page.**

Case 3:12-bk-04817    Doc 101    Filed 10/22/12    Entered 10/22/12 11:07:44    Desc Main
Document    Page 4 of 4